UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
-------------------------------------------------X

UNITED STATES OF AMERICA

        -against-                                   SENTENCING MEMORANDUM

ANDREW L. CARR                           DOCKET # CR-06-0090-01

-------------------------------------------------X

## INTRODUCTION

This sentencing memorandum is being submitted on behalf of the defendant, Andrew L. Carr.

On May 31, 2006, Mr. Carr entered a plea of guilty to the following charge:

1. Theft of Government Property in violation of 18 U.S.C. Section 641.

In the Pre-Sentence Report, the United States Department of Probation has concluded that Mr. Carr's offense falls into Category 1, Zone C, Level 12 Offense under the United States Federal Sentencing Guidelines. As Mr. Carr acknowledges his conduct, the amount of the loss and has no prior criminal history, the defense concurs with the computation made in the Pre-Sentence Report.

For the reasons set forth below, it is respectfully requested that Mr. Carr be sentenced to the minimum end of the guideline.

## GUIDELINE RECOMMENDATIONS

While the guidelines have been rendered advisory following the Supreme Court's ruling in <u>U.S. v. Booker</u> , U.S. 125 S.Ct . 738 (2005) Mr. Carr faces a guideline of 10 to 16 months imprisonment. Notwithstanding the foregoing, the guidelines also permit a "split" sentence,

meaning that the 10 month term could be divided into a five month term of incarceration and home detention for the remaining five months.  For the reasons set forth below, it is respectfully submitted that a split sentence is appropriate under the totality of circumstances presented.

The imposition of a split sentence recognizes that while one goal of a sentence is clearly punishment, it is not the only goal.

A person who, like Mr. Carr, is not a career criminal but a first time offender who committed a non-violent transgression should be allowed to minimize his term of incarceration and be afforded the opportunity to be a positive contributor to the community.

By allowing Mr. Carr to return to his family and his business **but** under the restriction of home confinement, after serving five months of incarceration, there is a balancing of punishment and rational leniency.

As further indicated in the Pre-Sentence Report, Mr. Carr suffers from diabetes and is in poor health.  Mr. Carr's condition could best be controlled while at home and by the doctors familiar with his problem.

In addition, Mr. Carr has demonstrated an extreme level of remorse and once he came to grips with what he had done,  met with investigators and was candid about the conduct he engaged in, eliminating hours of investigatory time.

In my entire career I have not seen a person more earnestly remorseful and I truly believe he will never commit another crime in his life.

      For all of these reasons, I respectfully request that Mr. Carr be sentenced to the minimum sentence permitted under the law and if the Court is inclined to sentence Mr. Carr to a term of incarceration, that he be sentenced to a split of incarceration and home confinement.

Dated: Huntington, New York
       August 15, 2006

                                        _____
                                        MICHAEL JUDE JANNUZZI
                                        775 Park Avenue, Suite 205
                                        Huntington, New York 11743
                                        (631) 385-8182