UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-90 (GK) |
| | : | |
| v. | : | |
| | : | |
| ANDREW L. CARR | : | |

## MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing. The government respectfully requests that the defendant be sentenced to ten months of incarceration and three years of supervised release. The government also requests that the defendant be ordered to pay $103,951.86 in restitution to the United States.

## BACKGROUND

Andrew Carr was the owner, president, and primary employee of Citiscape Shapes, Ltd., a corporation he ran out of his home in Coram, New York. Citiscape generated its income primarily from sales of compact discs and related accessories (jewel cases, labels, etc.). In or about October 2002, Citiscape began selling such items to the Office of Multi-Media Services in the State Department's Office of Records and Publishing Services. MMS duplicated information onto the compact disks it purchased from Citiscape and sent the discs to various State Department agencies, embassies, and outposts throughout the world. When MMS needed to purchase additional compact discs, an MMS employee would call Carr at his home in New York. MMS stopped using Citiscape as a supplier in August 2004.

Carr would receive the orders and would ship the discs himself if he had them in stock, or, if not, have them sent directly from his suppliers. Carr would use Federal Express or United Parcel Service for shipments sent directly from Citiscape. All shipments ordered from Citiscape—whether sent from Citiscape directly or from its suppliers—were sent to MMS's shipping dock, at 2201 C Street, NW.

Carr and Citiscape were to be paid for the compact discs and accessories they sold to MMS through the use of governmental credit cards issued to government employees. Those employees gave Carr their credit card numbers with the understanding that Carr would submit a charge only for those items shipped to MMS. Carr was not authorized to submit any charges on the governmental credit cards for any other purpose.

Between October 2002 and September 2004, Carr embezzled approximately $103,951.76 from the United States treasury by submitting false charges on MMS employees' governmental credit cards for shipments of compact discs and accessories that had not been ordered and which were not in fact sent. Between August 2004 through September 2004—a period of time when MMS had stopped using Citiscape as a supplier—Carr billed approximately $34,018.98 on the government credit card of an MMS employee. Those fraudulent billings were for compact discs and accessories that were neither ordered nor delivered. Similarly, Carr billed the government for approximately $19,506.78 during the month of June 2004, approximately $19,236.00 during February 2003, and approximately $21,365.00 during March 2003, even though no shipments were sent to MMS during any of those months. Carr also continued to submit fraudulent credit-card charges on the account of an MMS employee even after the employee had retired.

## DISCUSSION

Mr. Carr deserves credit for accepting an early, pre-indictment plea after fully admitting his guilt in a proffer session with the government. Accordingly, the government is asking for a sentence at the very low end of Mr. Carr's guideline range.

Nevertheless, it cannot be forgotten that Mr. Carr embezzled a large amount of money (more than $100,000) from the treasury; that he did so over a long period of time (nearly two years); and that he did so so brazenly—going so far as (1) submitting tens of thousands of dollars worth of fraudulent credit card charges in months when he shipped no compact discs to the State Department, including $34,000 he fraudulently obtained even after the State Department had stopped using him as a supplier; and (2) submitting fraudulent credit card charges on the account of a retired State Department employee.

A sentence at the low end of the guideline range here would still reflect the seriousness of the offense and provide just punishment to Mr. Carr for his years of embezzlement. It would also serve to deter other government contractors who might be tempted to exploit weaknesses in the federal government's procurement systems. A sentence of ten months would also be sufficiently short that it would enable Mr. Carr to return to work promptly, so he can support his family and pay his debts to society through regular restitution payments.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorney
555 4th Street, NW
Washington, D.C. 20530
(202) 353-4862

## Certificate of Service

I hereby certify that, on this 31st day of August 2006, I caused a copy of the foregoing memorandum in aid of sentencing to be served by electronic filing and by facsimile to counsel for the defendant:

Michael J. Jannuzzi, Esquire
775 Park Avenue
Suite 205
Huntington, NY 11743
Facsimile: (631) 385-7664

_____
Timothy G. Lynch
Assistant United States Attorney